UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company d/b/a LEIF'S AUTO COLLISION CENTERS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF OREGON, et al.,<br><br>　　　　　　　　Defendants. | MDL No. 2557<br><br>Case No. 6:14-cv-06014-GAP-TBS |

**PLAINTIFF LEIF'S AUTO COLLISION CENTERS'S
MOTION TO RECONSIDER WITH SUPPORTING MEMORANDUM**

**MOTION AND SUMMARY OF ARGUMENT**

The Court disposed of the Oregon Unfair Trade Practices Act ("OUTPA") claim on the stated belief that "the Plaintiff[] did not respond in opposition to GEICO's objection" to Judge Smith's June 3, 2015 Report and Recommendations, ECF No. 192 in 6:14-md-02557 (the "R&R").  In fact, Leif's Auto Collision Centers (the "Oregon Plaintiff") did not let this objection go unopposed as a technical matter—its Response to Objections to R&R, ECF No. 144 in 6:14-cv-06014 ("Response"), was filed on July 10, 2015—or in substance.

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Oregon Plaintiff moves for reconsideration of the Court's August 17, 2015 Opinion and Order Adopting in Part R&R re Motions to Dismiss in 14 Pending Cases, ECF No. 222 in 6:14-md-2557 (the "Opinion"), and

1

August 17, 2015 Order of Dismissal, ECF No. 149 in 6:14-cv-06014.[1] This Motion seeks (1) reconsideration of the Court's dismissal of the OUTPA claim with prejudice and (2) confirmation and adoption of the portion of the R&R pertaining to the OUTPA claim. *See* R&R 53–53. The grounds and authority for this Motion are set forth in the following supporting memorandum, which is incorporated into this Motion by reference.

### MEMORANDUM

The Oregon Plaintiff files this Motion to correct an error (and the disposition stemming from it), which consists of the following statement from the Opinion: "the Plaintiff[] did not respond in opposition to GEICO's objection." Opinion 26. Based on this putative silence, the Court set aside Judge Smith's recommendation to dismiss the OUTPA claim *without* prejudice and instead dismissed it *with* prejudice. *See id.*

This Motion is "not a vehicle for rehashing arguments the Court has already rejected." *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999). As the Opinion discloses, the Oregon Plaintiff's arguments were, inadvertently, never considered. This Motion constitutes a targeted attempt to correct that error, which, according to the Court, led to dismissal of the OUTPA claim with prejudice. *See* Opinion 26. Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Granting a motion to reconsider is appropriate in cases of "'(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice.'" *Hoewischer v. Cedar*

---

[1] For the sake of simplicity, this Motion refers only to the Opinion hereafter because it contains the reasoning for the Court's decision. Nevertheless, the Oregon Plaintiff hereby requests that any modification to the Opinion have a corresponding effect on the August 17, 2015 Order of Dismissal, as well.

*Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1216 (M.D. Fla. 2012) (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)) (alteration in original); *see also* Fed. R. Civ. P. 60(b) ("[O]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief . . . ."). The Oregon Plaintiff seeks reconsideration on the third ground—clear error.

Reference to the docket demonstrates that the Oregon Plaintiff in fact opposed not only the objection of the GEICO Defendants but also the joinder of other objectors. *See* Response 1, ECF No. 144 in 6:14-cv-06014. On June 3, 2015, Judge Smith issued the R&R, which, in pertinent part, recommended dismissal of the Oregon Plaintiff's OUTPA claim without prejudice. After the GEICO Defendants and others objected to the R&R, the Oregon Plaintiff

> "wr[o]te[] in response to GEICO's Partial Objection to Magistrate Judge's Report and Recommendations, ECF No. 204 in 6:14-md-2557 (the "GEICO Objection" or "GEICO Obj."), and the Joinder in GEICO's Objection and Additional Grounds for Partial Objection by American National Property and Casualty Co., ECF No. 143 in 6:14-cv-06014 . . . to the extent they concern [OUTPA].

*Id.*

In substance, the GEICO Defendants argued that Judge Smith had incorrectly determined that businesses could assert standing under OUTPA: "The GEICO Defendants' contention that the [OUTPA] claim should be dismissed with prejudice relies on a series of federal court decisions holding that only 'consumers' have standing to proceed under OUTPA." Opinion 26.

Judge Smith found these cases unconvincing, because their logic would lead to incoherent results. R&R 54–55. OUTPA allows "persons" to bring claims for unfair trade practices against other "persons." *See* Or. Rev. Stat. § 646.605(4) (providing that for purposes of

3

OUTPA "person" includes "corporations, trusts, partnerships, incorporated or unincorporated associations"). Although courts in the District of Oregon have determined that private plaintiff "persons" may only be consumers for OUTPA standing, Judge Smith wrote that this interpretation would make for an incongruous reading of OUTPA's plain language. *See* R&R 53 ("The statute does not expressly limit private claims to consumers, and no Oregon court has addressed whether a plaintiff must be a consumer to have standing under OUTPA."). Although basic rules of construction mandate that a term be understood to have the same meaning throughout a statute, the GEICO Defendants' interpretation of OUTPA would have "the word 'person' mean[] two different things *in the same sentence*. [Moreover,] OUTPA's civil remedies provision allows 'a person' to sue 'another person' for injuries to property caused by unfair trade practices, but no court has or ever would construe OUTPA to permit only suits by 'a' consumer against 'another' consumer." R&R 54 (emphasis in original).

Judge Smith found other inconsistencies, too. Certain unfair trade practices enumerated in OUTPA "almost exclusively harm[] businesses," making their inclusion in the statutory scheme effective *only if* businesses can assert standing. R&R 55. Further, Judge Smith followed the Oregon Supreme Court's example in refusing to impose similarly narrow statutory definitions of the term "person." *Id.* (citing *Hamilton v. Paynter*, 149 P.3d 131 (Or. 2006)).

In their objection, the GEICO Defendants repeated the substance of their motion to dismiss briefing, which relied on the very cases Judge Smith refused to follow. *Compare* GEICO Defs.' Mot. & Supporting Mem. to Dismiss Compl. 24, ECF No. 121 in 6:14-CV-06014 (citing *CollegeNet, Inc. v. Embark.com, Inc.*, 230 F. Supp. 2d 1167, 1175 (D. Or. 2001) and *Roberts v. Legacy Meridian Park Hosp., Inc.*, No. 3:13-CV-01136-SI, 2014 WL 294549, at *11 (D. Or. Jan. 24, 2014), to argue that "non-consumers" may not bring OUTPA claims), *with*

4

GEICO Obj. 7 (citing same cases to argue that "[The Oregon Plaintiff] does not have standing to bring its OUTPA claim against GEICO because [the Oregon Plaintiff] is not a consumer . . . ."). The GEICO Objection introduced no new theories or material decisions. Judge Smith had rejected all of the contentions before. And, most importantly, none of the Defendants attempted to refute the statutory analysis of "some length" that he had undertaken. Opinion 26.

Judge Smith's review of OUTPA standing supported the interpretation that the Oregon Plaintiff put forward in its opposition briefing. Its response encouraged this Court to adopt the R&R precisely because the GEICO Defendants and those joining in their objection had "no answer" to Judge Smith's statute-based conclusion that businesses may assert standing under OUTPA. Response 3 (quoting R&R 54). "Instead they continue[d] to cite the same old decisions, the 'reasoning' of which, Magistrate Judge Smith wrote, he was 'not persuaded.'" *Id.* Focusing on OUTPA's language was of particular importance here because "'neither the Oregon Supreme Court nor the Oregon Court of Appeals has rejected [the Oregon Plaintiff's] reading' of OUTPA's civil remedies provision." R&R 56; *see also CollegeNet*, 230 F. Supp. 2d at 1172. Judge Smith was following the overriding directive of statutory interpretation by "discern[ing] the intent of the legislature" rather than adopting non-binding opinions from the courts of the District of Oregon. *Portland Gen. Elec. Co. v. Bureau of Labor & Indus.*, 859 P.2d 1143, 1145 (Or. 1993); *accord State v. Gaines*, 206 P.3d 1042, 1050 (Or. 2009).

The Oregon Plaintiff requests that this Court reconsider the dismissal of the OUTPA claim with prejudice and confirm and adopt the R&R's dismissal without prejudice, because of its undoubtedly inadvertent reliance on the belief that "the Plaintiff[] did not respond in opposition to GEICO's objection." Opinion 26.

## **M.D. FLA. R. 3.01(G) CERTIFICATION**

Pursuant to M.D. Fla. R. 3.01(g), on August 20, 2015, counsel for the Oregon Plaintiff conferred with counsel for the GEICO Defendants and American National Property and Casualty Co.[2] The parties do not agree on the resolution of this Motion.

DATED: August 20, 2015.

TONKON TORP LLP

By: */s/ Michael Willes*
Steven D. Olson, OSB No. 003410
steven.olson@tonkon.com
Michael Willes, OSB No. 141806
michael.willes@tonkon.com
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
Tel: 503-221-1440
Fax: 503-274-8779

Attorneys for Leif's Auto Collision Centers, LLC

---

[2] Defendants' liaison counsel requested that counsel for the Oregon Plaintiff, the GEICO Defendants, and American National Property and Casualty Co. communicate directly for the purposes of the meet-and-confer requirement.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 20th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who are registered with the Court's CM/ECF system.

                              */s/ Michael Willes*