UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company dba LEIF'S AUTO COLLISION CENTERS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*,<br><br>　　　　　　　　　Defendants. | **Case No. 6:14-MD-02557-GAP-TBS**<br><br>**RE: No. 6:14-CV-06014-GAP-TBS** |

## GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY COMPANY'S MOTION FOR ATTORNEYS' FEES RELATED TO PLAINTIFF'S UNFAIR TRADE PRACTICES ACT CLAIM

Defendants GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company (collectively "GEICO") move this Court for an award of their attorneys' fees incurred in defending against Plaintiffs' Oregon Unfair Trade Practices Act ("OUTPA") claim in the estimated amount of **$25,397.50**.[1] GEICO asked for its fees in its motion to dismiss and is entitled to its fees pursuant to Oregon Revised Statute § 646.638(3)[2] because GEICO prevailed on the claim and Plaintiff lacked an objectively reasonable basis for bringing the claim. This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Dan Goldfine, attached as Exhibit A ("Goldfine Declaration"), the Itemized Statement of Attorneys' Fees, attached as Exhibit B, and the entire record before this Court.

## MEMORANDUM IN SUPPORT

### I. <u>GEICO IS ELIGIBLE AND ENTITLED TO RECOVER ITS ATTORNEYS' FEES</u>

Oregon Revised Statute § 646.638(3) permits the Court to award reasonable attorneys' fees and costs "to a prevailing defendant" if the court finds that "an objectively reasonable basis for bringing the action . . . did not exist." Because GEICO prevailed on Plaintiff's OUTPA claim through its motion to dismiss and an objectively reasonable basis for Plaintiff to bring an OUTPA claim against GEICO did not exist, the Court may award GEICO its attorneys' fees.

GEICO filed its Motion to Dismiss on April 22, 2015 (Doc. 122). GEICO's Motion to Dismiss cited numerous cases demonstrating that Plaintiff does not have standing to bring its Oregon Unfair Trade Practices Act ("OUTPA") claim and asked for its attorneys' fees and costs. Plaintiff responded to GEICO's Motion to Dismiss on May 11, 2015 (Doc. 131).

---

[1] Plaintiff filed a motion for reconsideration. The fees associated with that motion and GEICO's response thereto, and this motion, and any reply are estimated at this time and will be supplemented when the briefing on these motions is complete. *See* Fed. R. Civ. P. 54(d) (permitting a motion to include a "fair estimate" of the amount sought).

[2] GEICO is also entitled to its costs incurred in defending against Plaintiff's OUTPA claim, *see id.*, but because GEICO's costs are so intertwined with its defense of the remainder of this action, GEICO will defer its request for its costs until the appropriate time following the resolution of this entire action.

GEICO filed its Reply on May 18, 2015 (Doc. 136). On June 3, 2015 Magistrate Judge Smith issued a Report and Recommendation, which recommended dismissal of Plaintiff's OUTPA claim without prejudice and recommended denial of GEICO's fee request. Doc. 137. On August 17, 2015, the Court issued its Order which overruled the Report and Recommendation with respect to the OUTPA claim and granted GEICO's Motion to Dismiss, including dismissal of the OUTPA claim with prejudice. Doc. 149.

In dismissing Plaintiff's OUTPA claim with prejudice, the Court noted that "no state court in Oregon has reached a similar conclusion [to the Report and Recommendation's conclusion that Plaintiff could maintain a claim under OUTPA]." Doc. 222 in 6:14-md-02557-GAP-TBS at 26. GEICO's Motion to Dismiss and Reply cited numerous cases in the United States District Court in Oregon demonstrating that Plaintiff, as a non-consumer, lacked standing to assert its claim against GEICO. Plaintiff did not cite a single case from any court supporting its right to assert its OUTPA claim. Plaintiff undoubtedly lacked an "objectively reasonable basis" for bringing its claim. GEICO is eligible and entitled to its attorneys' fees under Oregon Revised Statute § 646.638(3).

## II. GEICO IS ELIGIBLE AND ENTITLED TO RECOVER ITS ATTORNEYS' FEES

GEICO's requested fees are derived from actual fees billed by its attorneys and an estimate of the remaining fees GEICO anticipates to incur in filing this motion, a reply in support of this motion and a response to Plaintiff's motion for reconsideration. Goldfine Declaration ¶¶ 2, 5. GEICO's counsel reviewed fees actually billed and removed any time entries that did not directly relate to Plaintiff's OUTPA claim. Goldfine Declaration ¶ 4. GEICO incurred fees for its attorneys' analysis of the OUTPA claim and various filings related to the claim including preparation of a motion to dismiss and reply, and preparation of a partial objection to Magistrate Judge Smith's Report and Recommendation, which was successful. Goldfine Declaration ¶ 2. GEICO incurred fees totaling $15,397.50 for 47 hours of attorney time and .3 hours of paralegal time, not including the additional briefing

identified. Goldfine Declaration ¶ 2. GEICO estimates it will incur an additional $10,000 in fees and will supplement when the briefing is complete. The rates GEICO was charged are reasonable given GEICO's attorneys' level of skill and experience. Goldfine Declaration ¶ 3. GEICO requests a total estimated fee award of **$25,397.50**.

DATED this 31st day of August, 2015.

        SNELL & WILMER L.L.P.

By: */s/ Dan. W. Goldfine*
    Dan W. Goldfine
    Joshua Grabel
    Ian M. Fischer
    Jamie L. Halavais
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona 85004-2202
    Telephone: 602-382-6000
    Facsimile: 602-382-6070
    Email: dgoldfine@swlaw.com
           jgrabel@swlaw.com
           ifischer@swlaw.com
           jhalavais@swlaw.com

Attorneys for GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

        */s/ Dan W. Goldfine*

Dan W. Goldfine

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company dba LEIF'S AUTO COLLISION CENTERS,<br><br>Plaintiff,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 6:14-MD-02557-GAP-TBS<br><br>RE: No. 6:14-CV-06014-GAP-TBS |

## DECLARATION OF DAN GOLDFINE IN SUPPORT OF GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY COMPANY'S MOTION FOR ATTORNEYS' FEES RELATED TO PLAINTIFF'S UNFAIR TRADE PRACTICES ACT CLAIM

I, Dan Goldfine, declare and state:

1. I am a partner with the law firm of Lewis Roca Rothgerber, counsel of record for GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company (collectively, "GEICO"). I make this Declaration based upon my own personal knowledge and in support of GEICO's Motion for Attorneys' Fees ("Motion").

2. Attached as Exhibit B to the Motion is GEICO's Task-Based Itemized Statement of Attorneys' Fees (the "Itemized Statement"). The Itemized Statement identifies in chronological order the following information: (1) the date on which the service was performed; (2) the time devoted to each individual task performed; (3) a description of the service provided; and (4) the identity of the attorney, paralegal or other person performing the service. The information was compiled from the client billing statements that were prepared and maintained by Snell & Wilmer and Lewis Roca Rothgerber in the regular course of their business.

3. All of the fees identified in the Itemized Statement are fees that have been actually billed to GEICO and which GEICO has either paid or agreed to pay. Rates actually billed GEICO contain discounts of more than 40% from the attorneys' standard rates. I am an experienced litigator in the practice areas implicated by this motion and believe that all rates billed are reasonable in light of my experience.

4. In preparing the Itemized Statement, I removed time entries that did not directly relate to Plaintiff's OUTPA claim.

5. In addition to the fees indicated on the Itemized Statement, I estimate that the remaining fees GEICO will incur related to its Motion for Attorneys' Fees and Reply in Support thereof, and its response to Plaintiff's motion for reconsideration will be $10,000.

6. Dan Goldfine ("DWG") was a partner at Snell & Wilmer LLP and is now a partner at Lewis Roca Rothgerber LLP. Mr. Goldfine's hourly rate for this matter is $425, which is a reasonable rate for his skill and experience level and is a discount from his standard

hourly rate.

7.     Josh Grabel ("JOG") was a partner at Snell & Wilmer LLP and is now a partner at Lewis Roca Rothgerber LLP. Mr. Goldfine's hourly rate for this matter is $375, which is a reasonable rate for his skill and experience level and is a discount from his standard hourly rate.

8.     Maribeth Klein ("MK") is Of Counsel at Snell & Wilmer, LLP. Ms. Klein's hourly rate for this matter was $325, which is a reasonable rate for her skill and experience level and is a discount from her standard hourly rate.

9.     Jamie Halavais ("JH") was an associate at Snell & Wilmer LLP and is now Of Counsel at Lewis Roca Rothgerber LLP. Ms. Halavais' hourly rate for this matter is $275, which is a reasonable rate for her skill and experience level and is a discount from her standard hourly rate.

10.    Ian Fischer ("IMF") was an associate at Snell & Wilmer LLP and is now an associate at Lewis Roca Rothgerber LLP. Mr. Fischer's hourly rate for this matter is $275, which is a reasonable rate for his skill and experience level and is a discount from his standard hourly rate.

11.    Stacy Palmer ("SYV") is a paralegal at Snell & Wilmer LLP. Ms. Palmer's hourly rate for this matter was $175, which is a reasonable rate for her skill and experience level and is a discount from her standard hourly rate.

12.    I have reviewed and approved the time and charges set forth in the Itemized Statement, and I believe that the time and expenses incurred were reasonable and necessary under the circumstances. GEICO has agreed to these rates and has agreed to pay the fees indicated on the Itemized Statement.

13.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 31st day of August, 2015.

_____
Dan Goldfine

# EXHIBIT B

| TimeKeeper | Description | Date | Hours | Rate | Amount |
|---|---|---|---|---|---|
| MK | Begin working on the tortious interference and unfair trade practices acts claims in connection with the Motion to Dismiss. | 4/2/2015 | 0.3 | $325.00 | $97.50 |
| JH | Work on Motion to Dismiss re UTPA claim. | 4/2/2015 | 0.3 | $275.00 | $82.50 |
| MK | Assess Oregon Unlawful Trade Practices Act and revise draft section in Motion to Dismiss for a more comprehensive analysis, including requesting attorneys fees under the statute (4.1) | 4/3/2015 | 4.1 | $325.00 | $1,332.50 |
| IMF | Work on tortious interference and Unfair Trade Practices Act parts of Motion to Dismiss. | 4/9/2015 | 1.3 | $275.00 | $357.50 |
| MK | Further revise Motion to Dismiss, including adding additional case law support regarding the tortious interference claim and addition language regarding the OUTPA claim. | 4/16/2015 | 3.1 | $325.00 | $1,007.50 |
| MK | Assess Plaintiff's response to motion to dismiss, the original motion and the complaint (2.6); draft response regarding the OUTPA claim and estoppel claim (2.4). | 5/12/2015 | 5 | $325.00 | $1,625.00 |
| MK | Continue drafting reply supporting motion to dismiss regarding the state law claims. | 5/13/2015 | 5 | $325.00 | $1,625.00 |
| MK | Assess Report and Recommendation issued by Magistrate Judge Smith to identify matters to object to. | 6/5/2015 | 0.3 | $325.00 | $97.50 |
| IMF | Determine if there is anything to object to in the Report and Recommendation | 6/5/2015 | 0.2 | $275.00 | $55.00 |
| IMF | Telephone call from counsel for American Commerce re possible Objection to Report and Recommendation | 6/8/2015 | 0.4 | $275.00 | $110.00 |
| MK | Begin drafting objection to the Magistrate's Report and Recommendation. | 6/8/2015 | 0.3 | $325.00 | $97.50 |
| MK | Begin working on objection to the Magistrate's Report and Recommendation. | 6/9/2015 | 0.4 | $325.00 | $130.00 |
| MK | Review OUTPA case law and draft partial Objection to the Report and Recommendation | 6/10/2015 | 4.9 | $325.00 | $1,592.50 |
| IMF | Work on Objection to Report and Recommendation | 6/19/2015 | 0.6 | $275.00 | $165.00 |
| DWG | Analyze and outline revisions to Objection to Report and Recommendation | 6/19/2015 | 0.1 | $425.00 | $42.50 |
| MK | Work on Objection to the Report and Recommendation, including revising the Unfair Trade Practices Act section and assessing whether additional arguments exist. | 6/19/2015 | 2.9 | $325.00 | $942.50 |
| JH | Work on objection to portions of Magistrate Smith's Report and Recommendation. | 6/20/2015 | 0.1 | $275.00 | $27.50 |
| IMF | Revise Objection to Report and Recommendation | 6/21/2015 | 0.1 | $275.00 | $27.50 |
| DWG | Prepare objections to Magistrate's Report and Recommendation | 6/21/2015 | 0.4 | $425.00 | $170.00 |
| MK | Further assess Oregon Unfair Trade Practices case law and analysis for ways to further bolster the Objection to the Report and Recommendation | 6/22/2015 | 3.2 | $325.00 | $1,040.00 |
| JH | Work on objection to Oregon Unfair Trade Practices portion of Magistrate Smith's Report and Recommendation. | 6/22/2015 | 0.7 | $275.00 | $192.50 |
| DWG | Work on Objection to Report and Recommendation | 6/22/2015 | 0.2 | $425.00 | $85.00 |
| IMF | Continue revise Objection to Report and Recommendation | 6/22/2015 | 0.2 | $275.00 | $55.00 |
| JOG | Revised draft Report and Recommendation Objection and outlined issues related thereto with I. Fischer and J. Halavais | 6/22/2015 | 1.5 | $375.00 | $562.50 |
| IMF | Work on Objection to Report and Recommendation | 6/23/2015 | 0.1 | $275.00 | $27.50 |
| JH | Work on objection to portions of Magistrate Smith's Report and Recommendation. | 6/23/2015 | 0.3 | $275.00 | $82.50 |
| IMF | Correspond with counsel for American Commerce re Objection to Report and Recommendation | 6/23/2015 | 0.1 | $275.00 | $27.50 |
| DWG | Continue to revise Objection to Report and Recommendation | 6/23/2015 | 0.1 | $425.00 | $42.50 |
| DWG | Continue to revise Objection to Report & Recommendation | 6/24/2015 | 0.1 | $425.00 | $42.50 |
| JH | Work on objection to portions of Magistrate Smith's Report and Recommendation. | 6/24/2015 | 0.1 | $275.00 | $27.50 |
| IMF | Review and analyze comments from co-defendants on Objection to Report and Recommendation | 6/24/2015 | 0.1 | $275.00 | $27.50 |
| IMF | Review co-defendant's Objection to the Report and Recommendation | 6/25/2015 | 0.3 | $275.00 | $82.50 |
| IMF | Confer with American Commerce counsel re Objection to Report and Recommendation | 6/25/2015 | 0.7 | $275.00 | $192.50 |
| MK | Review draft joinder to GEICO's Motion to Dismiss. | 6/25/2015 | 0.1 | $325.00 | $32.50 |
| DWG | Continue to work on objections to the Magistrate's Report and Recommendation | 6/25/2015 | 0.2 | $425.00 | $85.00 |

| TimeKeeper | Description | Date | Hours | Rate | Amount |
|---|---|---|---|---|---|
| JOG | Research re: and revise Objection to Report and Recommendation | 6/26/2015 | 0.8 | $375.00 | $300.00 |
| JH | Work on objection to portions of Magistrate Smith's Report and Recommendation. | 6/28/2015 | 0.8 | $275.00 | $220.00 |
| DWG | Finalize objection to Magistrate's Report and Recommendation | 6/29/2015 | 0.1 | $425.00 | $42.50 |
| JH | Work on objection to portions of Magistrate Smith's Report and Recommendation. | 6/29/2015 | 1.1 | $275.00 | $302.50 |
| JOG | Research re: and revise Objections to Report and Recommendation from Court, particularly related to OUTPA issues | 6/29/2015 | 5.3 | $375.00 | $1,987.50 |
| IMF | Analyze possible additional arguments to make in reply re report and recommendation | 7/6/2015 | 0.8 | $275.00 | $220.00 |
| IMF | Telephone call with counsel for American re plaintiff's response to GEICO's objection to the report and recommendation | 7/15/2015 | 0.3 | $275.00 | $82.50 |
| TOTAL | | | 47 | | $15,345.00 |
| Para-Professional Services | | | | | |
| TimeKeeper | Description | Date | Hours | Rate | Amount |
| SYV | Compile and organize research re objections to Magistrate's Report and Recommendation | 6/29/2015 | 0.3 | $175.00 | $52.50 |
| TOTAL | | | | | $52.50 |
| | **TOTAL AMOUNT OF FEES** | | | | $15,397.50 |