**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company dba LEIF'S AUTO COLLISION CENTERS, <br><br>                    Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,  *et al*., <br><br>                    Defendants. | **Case No. 6:14-MD-02557-GAP-TBS** <br><br> **RE: No. 6:14-CV-06014-GAP-TBS** |

**<u>GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY COMPANY'S MOTION FOR ATTORNEYS' FEES</u>**

Defendants GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company (collectively "GEICO") move this Court for their attorneys' fees incurred in defending against Plaintiff's Complaint (except for Plaintiff's Oregon Unfair Trade Practices Act ("OUTPA") claim)[1] in the estimated amount of **$52,205.50**.[2]  From the time Plaintiff filed its Complaint, and before GEICO filed its motion to dismiss, Plaintiff and its counsel knew that the Complaint could not survive a motion to dismiss.  Plaintiff's Complaint is one in a series of nearly identical complaints filed by the same counsel in cases that have been consolidated for pretrial purposes in this MDL.  Even before Plaintiff filed its Complaint, this Court had dismissed a nearly identical complaint in another MDL case and by the time GEICO filed its motion to dismiss this Court had dismissed three more nearly identical complaints in companion cases.  Plaintiff's insistence on pursuing claims that Plaintiff and its counsel *knew* could not survive a motion to dismiss was in bad faith, vexatious and wanton and Plaintiff lacked an objectively reasonable basis for doing so.  GEICO should be awarded its attorneys' fees for having to defend against these claims.

By continuing to pursue claims that Plaintiff and its counsel conceded in public statements, filings and open court would not survive GEICO's motion to dismiss, Plaintiff and its counsel have acted in bad faith, vexatiously and wantonly.  GEICO is entitled, under 28 U.S.C. § 1927 and the Court's inherent power, to its attorneys' fees for having to defend against Plaintiff's Complaint.  *See*, *e.g.*, *Chamber v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (1991) (holding that federal courts have inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). (internal citation and quotation marks omitted).  GEICO is *also* entitled to its attorneys' fees under Oregon law because GEICO is the prevailing party in the proceeding

---

[1] GEICO moved for fees related to the OUTPA claim on different grounds and the Court denied GEICO's request.

[2] The fees associated with this motion and any reply in support of this motion are estimated at this time and will be supplemented when the briefing on this motion is complete.  *See* Fed. R. Civ. P. 54(d) (permitting a motion to include a "fair estimate" of the amount sought).

and there was no objectively reasonable basis for Plaintiff's assertion of its claims. *See* Or. Rev. Stat. Ann. § 20.105. This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Dan Goldfine, attached as Exhibit A ("Goldfine Declaration"), the Itemized Statement of Attorneys' Fees, attached as Exhibit B, and the entire record before this Court.

## MEMORANDUM IN SUPPORT

**I. PLAINTIFF AND ITS COUNSEL'S PURSUIT OF PLAINTIFF'S COMPLAINT WAS IN BAD FAITH, VEXATIOUS AND WANTON**

On November 7, 2014, Plaintiff filed a Complaint that was a copycat of the Complaint that had already been dismissed by this Court in *A&E Auto Body, Inc., et al. v. 21st Century Centennial Ins. Co., et al.*, No. 6:14-cv-310-Orl-31TBS in June 2014. *See* No. 6:14-cv-310-Orl-31TBS (M.D. Fla. June 11, 2014) (Doc. 110). In January 2015, this Court again dismissed an amended complaint in *A&E* that was nearly identical in substance to Plaintiff's Complaint here. *See id.* at Jan. 21, 2015 Order amended January 22, 2015 to correct scrivener's error (Doc. 293). On February 27, 2015, this Court dismissed another nearly identical complaint in *Capitol Body Shop, Inc., et al. v. State Farm Mutual Automobile Insurance Company, et al.*, 6:14-cv-06000-GAP-TBS (Doc. 83). On March 30, 2015, this Court dismissed yet another nearly identical complaint in *Indiana Autobody Association, Inc., et al. v. State Farm Mutual Automobile Insurance Company, et al.*, 6:14-cv-06001-GAP-TBS (Doc. 150). Plaintiffs in *A&E* (Doc. 296), *Capitol* (Doc. 87), and *Indiana Autobody* (Doc. 151) filed amended complaints on February 11, 2015, March 21, 2015 and April 14, 2015, respectively, all before GEICO's response to Plaintiff's Complaint in this case was due.

Plaintiff is represented by the same national counsel (the Eaves Law Firm) as the plaintiffs in *A&E*, *Capitol*, and *Indiana Autobody*.[3] Nonetheless, Plaintiff and its counsel did nothing to fix its copycat Complaint – a Complaint its counsel knew this Court had already

---

[3] In this context, counsel refers to the national counsel who have appeared in the MDL cases and include John Arthur Eaves, Jr., John Arthur Eaves, Sr., Allison Fry, and Hal Dockett. Local Oregon counsel also appeared in this case and actually filed the Complaint (Doc. 1).

found to be deficient.[4] Knowing that nearly identical complaints had already been dismissed because they were deficient, Plaintiff could have dismissed its claims under Federal Rule of Civil Procedure 41(a) or amended its Complaint under Rule 15(a)(1)(B), because GEICO had not yet responded to the Complaint. Instead, Plaintiff forced GEICO to file another Motion to Dismiss, and forced this Court to again rule on a Motion to Dismiss it had already effectively decided.[5] GEICO filed its Motion to Dismiss on April 22, 2015 (Doc. 121).

Before GEICO filed its Motion to Dismiss, Plaintiff and its counsel admitted that they knew the claims asserted in Plaintiff's Complaint (Doc. 1) would not survive GEICO's Motion to Dismiss. At the March 6, 2015 Status Conference before Judge Smith, Plaintiff's counsel stated:

> We fully anticipate the Court will rule consistent with prior rulings, and we will amend consistent with that direction. But I'm not quite sure how it saves time when the Court's going to order me to amend anyway.

*See* Tr. of March 6, 2015 Status Conference, attached as Ex. C, at 27. Then, in a March 19, 2015 filing, Plaintiff's counsel admitted 18 nearly identical complaints should be dismissed. *See* MDL NO.: 6:14-md-2557, Doc. 166 at ¶ 6. In that filing, Plaintiff's counsel explicitly stated that they "anticipate each and every case will result in an order to amend." *Id*.

This is not the first time Plaintiff's counsel admitted in public that they had knowingly filed deficient complaints and forced GEICO to file motions to dismiss. *See* Stacey Phillips, *Large Portion of Antitrust Multidistrict Litigation in FL Dismissed, Refiled by Plaintiffs*, Autobody News (January 23, 2015), http://www.autobodynews.com/autobodynews/industry-news/item/9474-largeportionofantitrustmultidistrictlitigationinfldismissedrefiledbyplaintiffs.html ("John Eaves

---

[4] GEICO is not asserting and does not concede that the amended complaints in *A&E*, *Capitol* or *Indiana Autobody* are any less deficient than the original complaints in those cases or the Complaint here, but the plaintiffs in those cases did (because the Court ordered them to) file amended complaints; the Plaintiff here did nothing.

[5] The egregiousness of Plaintiff's (and its counsel's) refusal to voluntarily amend or dismiss the Complaint is amplified when you consider that this same counsel knowingly pursued nearly identical deficient claims in numerous other cases that have been consolidated in this MDL.

. . . the lead lawyer . . . said this was not a surprise. 'We anticipated [the dismissal],' said Eaves. 'This is what was done the first time we filed a complaint in Florida. My interpretation is that [Judge Presnell] wanted a lot more of the actual facts and details in the complaint . . . instead of something so general.'"); *Court Dismisses Six Parts of Florida Antitrust Suit, Kills a Seventh*, BodyShop Business (January 26, 2015), http://www.bodyshopbusiness.com/court-dismisses-six-parts-florida-lawsuit-kill-seventh/ (Plaintiff's counsel quoted as stating "We have been expecting this, quite frankly, in reading the court at both the hearing and in previous rulings. We anticipated this would be the road he would take, and he did . . . .").

GEICO's Motion to Dismiss noted these complaints were nearly identical to the previously dismissed *A&E* complaint and that it had already made the same or similar arguments in *A&E*. Doc. 121 at 1-3, n. 3. Plaintiff, knowing that its Complaint would ultimately be dismissed, still could have saved GEICO and the Court from wasting additional resources and dismissed its Complaint under Rule 41(a) or tried to save its Complaint by amending it under Rule 15(a)(1)(B). Instead, Plaintiff filed a response to GEICO's motion to dismiss on May 11, 2015.

As all Parties expected, on June 3, 2015, Judge Smith filed a Report and Recommendation that recommended dismissal of all of Plaintiff's claims. Doc. 137. Judge Smith recognized that the allegations in this case are similar to the previously dismissed allegations in *A&E* and, therefore, copied the summary from *A&E* verbatim in his Report and Recommendation. *Id.* at 2. Also, unsurprisingly, in recommending dismissal of Plaintiff's Complaint, Judge Smith quoted extensively from the dismissal order in *A&E*. *See*, *e.g.*, *id.* at 6-8, 13. In dismissing Plaintiff's antitrust claims, Judge Smith concluded that the claims were "indistinguishable" from those asserted by the plaintiffs in *A&E* and recommended dismissal for the same reasons as the *A&E* claims were dismissed. Plaintiff even filed an objection to the Report and Recommendation, Doc. 142, that did not challenge Judge Smith's

recommendation that the antitrust or quasi-estoppel claims be dismissed but did challenge the recommendation that Plaintiff's *quantum meruit*/unjust enrichment and tortious interference claims be dismissed asserting the same grounds asserted in Plaintiff's response to GEICO's Motion to Dismiss and the same grounds that this Court had already rejected numerous times. *See*, *e.g.*, *A&E* at Doc. 110; *Capitol* at Doc. 83; *Indiana Autobody* at Doc. 150.

As Plaintiff's counsel anticipated, on August 17, 2015, the Court granted GEICO's motion to dismiss. Doc. 149. The Court also granted Plaintiff leave to file an amended complaint by September 8, 2015. *Id.* The deadline for Plaintiff to file an amended complaint has passed without filing an amended complaint. Therefore, Plaintiff's claims have all been dismissed with prejudice. *See*, *e.g.*, *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1128 n.3 (11th Cir. 1994) (holding that a dismissal without prejudice becomes a dismissal with prejudice if a timely amendment is not filed); *Schuurman v. Motor Vessel*, 798 F.2d 442, 445-46 (11th Cir. 1986) (same); *Sibson v. Midland Mortgage Co.*, 235 B.R. 672, 674-75 (M.D. Fla. 1999) (same). As Plaintiff's counsel conceded multiple times, this result was expected long before GEICO filed its Motion to Dismiss.

## II. GEICO IS ELIGIBLE AND ENTITLED TO RECOVER ITS ATTORNEYS' FEES FROM PLAINTIFF AND ITS COUNSEL

Federal courts have the inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chamber v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal citation and quotation marks omitted). In exercising this inherent power, the Court may sanction the client or the attorney. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). The Court's inherent power to sanction an attorney is co-extensive with 28 U.S.C. § 1927. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2006). The Court retains its inherent power to sanction a party even if there is

a statute or rule otherwise available under which the Court could sanction the party. *Chambers*, 501 U.S. at 46.

The question of whether a party or attorney acted in bad faith or vexatiously can be either subjective or objective. *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008) *aff'd*, 325 F. App'x 873 (11th Cir. 2009) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239-40 (11th Cir. 2006)). Conduct which is reckless will satisfy this standard. *Amlong & Amlong*, 500 F.3d at 1240. "Determining whether conduct is reckless necessarily involves comparing the conduct objectively against the conduct of a reasonable attorney." *Id.* Courts have sanctioned attorneys for pursing claims when they knew from rulings in other cases in an MDL that there was no reasonable basis for pursuing the claims, *see In re Silica Products Liab. Litig.*, 398 F. Supp. 2d 563, 676 (S.D. Tex. 2005), and where a plaintiff has asserted a claim that has previously been rejected, *see Sharrow v. Fish*, 501 F. Supp. 202, 205 (S.D.N.Y. 1980), and where a plaintiff over-pled to multiply the proceedings improperly, *see Hicks v. Arthur*, 891 F. Supp. 213, 215 (E.D. Pa. 1995) *aff'd*, 91 F.3d 123 (3d Cir. 1996).

Under Or. Rev. Stat. Ann. § 20.105, a court "shall award reasonable attorney fees to a party against whom a claim . . . is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim . . . upon a finding by the court that . . . there was no objectively reasonable basis for asserting the claim . . . ." A claim lacks an objectively reasonable basis if it is "entirely devoid of legal or factual support at the time it was made." *Mattiza v. Foster*, 311 Or. 1, 8, 803 P.2d 723 (1990).

Here, Plaintiff (and its counsel) knew it had asserted claims that could not withstand a motion to dismiss and knew that its Complaint was nearly identical to complaints that had been dismissed on four previous occasions. Plaintiff's counsel explicitly conceded as much on the record, in public statements, in court and in filings to this Court, but pursued its claims anyway. This is clearly vexatious and improper.

Plaintiff's Complaint also improperly relied on group pleading and, as this Court recognized, alleged nothing about conduct actually undertaken by GEICO. Nor has Plaintiff ever asserted facts **about GEICO** to support its claims.

Knowing it had asserted claims that were doomed from the start and knowing it had to allege facts about GEICO for its claims against GEICO to survive, Plaintiff could have spared GEICO and this Court's resources by dismissing its claims before GEICO had to move to dismiss. Plaintiff also could have amended its Complaint to attempt to allege claims that could survive a motion to dismiss and facts about GEICO to support those claims. Instead, Plaintiff stood on its fatally deficient Complaint and never even attempted to fix the deficiencies or allege facts about GEICO, even after its claims were dismissed. Plaintiff and its counsel have indisputably pursued claims vexatiously and in bad faith, have unnecessarily expanded the litigation, have wasted the Court's scarce resources, and pursued claims without a reasonable basis for doing so.

In *Byrne v. Nezhat*, the Eleventh Circuit upheld the district court's award of $382,878.22 in attorneys' fees to defendants and against plaintiff's attorney, Byrne, after Byrne brought and pursued the same claims that had been rejected on summary judgment ***in another plaintiff's state court action against the same defendants***. 261 F.3d 1075. Byrne had been engaged as local counsel for the plaintiff (Manov) by an attorney who represented another plaintiff (Mullen) in a state court action against the same defendants. *Id.* at 1088. Mullen's complaint alleged RICO and racketeering claims, which were rejected by the superior court on summary judgment. *Id.* at 1090–91. Mullen appealed and while the appeal was pending, Byrne filed Manov's complaint, which alleged RICO and racketeering claims similar to those that had already been dismissed by the superior court in *Mullen*. *Id.* at 1091-92. Not long after filing Manov's amended complaint, the state court of appeals upheld summary judgment against Mullen. *Id.* at 1111. Despite being aware of this decision (even though he was not the attorney of record for Mullen's case), Byrne "neither withdrew the

claim nor sought leave to file a repleader. Instead, he continued to prosecute the RICO claim with vigor until the court disposed of the claim . . . ." *Id.* at 1117. Based primarily on this conduct, the court held that "Byrne [had] filed a frivolous lawsuit in bad faith, for the purpose of extorting a settlement from the defendants" and that it "would be remiss if [it] did not affirm the district court's imposition of monetary sanctions against Byrne under § 1927 and the court's inherent power as well as under Rule 11." *Id.* This Court should similarly award GEICO its attorneys' fees because Plaintiff and its counsel filed and pursued a lawsuit they knew could not withstand a motion to dismiss.

### III. THE AMOUNT OF FEES GEICO REQUESTS ARE REASONABLE AND APPROPRIATE

GEICO is entitled to recover its reasonable fees expended in defending against the conduct Plaintiff undertook in bad faith. *See, e.g.*, *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1185 (S.D. Fla. 2012) (awarding fees incurred after the plaintiff should have known the claim lacked merit); *Murray*, 548 F. Supp. 2d at 1383 (same). "The starting point to determine an objective estimate of the value of professional services is to calculate the lodestar amount—by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Rodriguez*, 863 F. Supp. 2d at 1185.

GEICO's requested fees are derived from actual fees billed by its attorneys and an estimate of the remaining fees GEICO anticipates incurring in filing this motion and a reply in support of this motion. Goldfine Declaration ¶¶ 2, 5.[6] GEICO's counsel reviewed fees actually billed and removed any time entries that were redundant or unrelated to the motion to dismiss and related briefing, time entries for fees previously requested by GEICO relating to Plaintiff's OUTPA claim and time entries related to that fee request or Plaintiff's motion to reconsider the dismissal of the OUTPA claim with prejudice. Goldfine Declaration ¶ 4. GEICO also redacted the time entries for attorney-client privileged communications and work

---

[6] Some of the tasks on which GEICO's counsel worked furthered GEICO's defense in more than one of the cases in this MDL. In such a circumstance, the fee for that task was divided between all of the impacted cases. The submitted fees reflect this division.

product. *Id.* GEICO incurred fees for its attorneys' analysis of Plaintiff's claims, the transfer of Plaintiff's claims to the MDL and various filings related to the claims including preparation of a motion to dismiss and reply, and preparation of a response to Plaintiff's objection to Magistrate Judge Smith's Report and Recommendation. Goldfine Declaration ¶ 2. GEICO incurred fees totaling $41,820.50 for 135.3 hours of attorney time and 2.2 hours of paralegal time, not including the additional briefing related to this motion. Goldfine Declaration ¶ 2. GEICO estimates it will incur an additional $10,000 in fees and will file a supplement with the Court when the briefing is complete. The rates GEICO was charged are reasonable given GEICO's attorneys' level of skill and experience. Goldfine Declaration ¶ 3. GEICO requests a total estimated fee award of **$52,205.50**.

The fees requested by GEICO are reasonable and were actually incurred. In addition, Plaintiff's national counsel's tactic of filing multiple cases in various jurisdictions – including Oregon, without a factual basis to support these claims against GEICO in any jurisdiction, falsely hoping that at least one claim would survive, unnecessarily expanded the litigation and drove up GEICO's fees. GEICO had to address each case – including the Oregon case – as if it would lead to a negative outcome in 17 other cases (if not more) filed by Plaintiff's national counsel and would be treated not as an individual case, but a leader in a "The Movement." *See*, *e.g.*, Stacey Phillips, *More Lawsuits Filed in Additional States Against Nation's Top Insurers*, Autobody News (November 25, 2014) http://www.autobodynews.com/autobodynews/industry-news/item/9217-morelawsuitsfiledinadditionalstatesagainstnationstopinsurers.html (discussing the MDL and "The Movement").

### Local Rule 3.01(g) Certification

GEICO's counsel, Ian Fischer, conferred with Plaintiff's Counsel, Michael Willes, before filing this Motion and the parties have been unable to agree on resolution of the Motion.

DATED this 22nd day of September, 2015.

                SNELL & WILMER L.L.P.

By: */s/ Dan. W. Goldfine*
    Dan W. Goldfine
    Joshua Grabel
    Ian M. Fischer
    Jamie L. Halavais
    201 E. Washington Street, Suite 1200
    Phoenix, Arizona  85004
    Telephone: 602-262-5392
    Facsimile:  602-262-5747
    Email: dgoldfine@LRRlaw.com
           jgrabel@LRRlaw.com
           ifischer@LRRlaw.com
           jhalavais@LRRlaw.com

Attorneys for GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

            */s/ Dan W. Goldfine*
            Dan W. Goldfine