**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| LEIF'S AUTO COLLISION CENTERS, LLC, an Oregon limited liability company dba LEIF'S AUTO COLLISION CENTERS, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*, <br><br> Defendants. | **Case No. 6:14-MD-02557-GAP-TBS** <br><br> **RE: No. 6:14-CV-06014-GAP-TBS** |

## GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY AND GEICO INDEMNITY COMPANY'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

This Reply addresses the two separate Responses Plaintiff's side submitted: by Plaintiff and Plaintiff's local counsel, Tonkon Torp ("Tonkon"). Plaintiff's national counsel, the Eaves Law Firm ("Eaves") – still counsel of record – did not file a Response or adopt either filed Response. That failure, and the Response by Plaintiff's local counsel, are telling. Tonkon admits: (1) it and Eaves knew nearly-identical complaints had been dismissed; (2) it recommended to Eaves to amend Plaintiff's Complaint before GEICO[1] had to respond to it; and (3) "[the recommended amendment] did not occur." Tonkon Resp. (Doc. 195) ("TR") at 5-6, ¶¶ 19, 21-22. Instead of attempting to fix a Complaint Plaintiff's national and local counsel knew would not survive, Plaintiff and its counsel made a strategic decision to force GEICO to address, and this Court to consider, the knowingly-defective Complaint. Plaintiff deferred, and Tonkon abdicated, to Eaves. Neither Plaintiff nor Tonkon defends Eaves's continued pursuit of a knowingly defective complaint, conceding it was wrong. The Court should award GEICO $62,693.00[2] against Plaintiff and all of its counsel jointly and severally.

## I. GEICO IS ENTITLED TO ITS FEES UNDER 28 U.S.C. § 1927

Tonkon argues fees under § 1927 may only be based on unnecessary filings after the lawsuit has begun. TR at 9. This general proposition may apply in cases like *Macort v. Prem, Inc.* (cited in TR at 9), which seek sanctions for the filing of a single allegedly frivolous lawsuit,[3] but not where, as here, Plaintiff's counsel pursued a calculated strategy to expand the litigation to as many states and defendants as possible by filing and pursuing defective copycat Complaints they knew had been dismissed by the same MDL court. This expansion of litigation, with Plaintiff's and its counsel's disregard for multiple orders explaining the

---

[1] GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company.

[2] GEICO requested $42,205.50 in its Motion and now supplements that request with $20,487.50 in fees related to this Motion. *See* Mot. at 9; Supplemental Decl. of D. Goldfine at ¶ 8.

[3] The *Macort* defendant sought sanctions against the plaintiff's counsel for filing suit without conducting a proper pre-suit investigation. 208 Fed. Appx. 781, 785 (11th Cir. 2006). The court held that the plaintiff did not multiply the proceedings because it "was a fairly small, simple case" and once the plaintiff's lawyers were convinced the plaintiff lacked standing, they sought dismissal. *Id.* at 786. Plaintiff's allegations against GEICO were not "small," and Tonkon and Eaves pursued the defective complaint knowing it would fail as a matter of law.

defects in the copycat, is analogous to *In re Silica Products Liability Litigation*. *In re Silica* held that the "***filing*** and then persisting in the prosecution of" claims the attorney should have known from other MDL proceedings had no reasonable basis was "an unreasonable multiplication of the proceedings," 398 F. Supp. 2d 563, 676 (S.D. Tex. 2005) (emphasis added), just as filing and prosecuting a known defective complaint is here.

Fees should also be assessed under § 1927 for Plaintiff's counsel's failure to withdraw or replead after *A&E* was dismissed a second time.[4] Plaintiff and its counsel do not even attempt to justify their opposition to GEICO's Motion to Dismiss or objection to the Report and Recommendation, conceding they needlessly multiplied the proceedings.

## II. GEICO IS ENTITLED TO FEES PER THE COURT'S INHERENT POWER

Independent of § 1927, the Court may award GEICO attorneys' fees for Plaintiff's wrongful filing or maintenance of the Complaint under its inherent power. *See*, *e.g.*, *Velez v. Levy World Ltd. P'ship*, No. 6:03-CV-878-ORL-22DA, 2007 WL 842768, at \*4 (M.D. Fla. Mar. 20, 2007) ("[T]he filing of a frivolous complaint may be sanctioned by Rule 11 or a court's inherent power, but not pursuant to § 1927.") (citing *Macort*). Tonkon argues GEICO is not entitled to fees under the Court's inherent power because: (1) Tonkon allegedly did not have knowledge of the prior dismissal orders *in advance of filing the Complaint*, (2) only two claims were allegedly dismissed with prejudice, and (3) the Court's April 3, 2015 Order said that "the Defendants should have the same opportunity to point [differences in Florida and Oregon law] out as the Plaintiffs have had," Case No. 6:14-md-02557-GAP-TBS, Doc. 175 at 2. TR at 11. Plaintiff adds that it relied on its lawyers. Pl.'s Resp. (Doc. 196) at 1-2.

Eaves is responsible for GEICO's fees because it indisputably had advance knowledge of the *A&E* (and other case's) dismissal orders and indisputably could have attempted to fix

---

[4] *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282-83 (11th Cir. 2010) (§ 1927 sanctions proper where attorneys "stubbornly ignore [the truth] and ke[ep] on litigating"); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (sanctions appropriate - unreasonable, vexatious conduct "result[ing] in proceedings that would not have been conducted otherwise"); *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (§ 1927 imposes duty to dismiss no longer viable claims); *see also* Doc. 175 at 3-4 (identifying opportunities to withdraw or amend Plaintiff's Complaint before forcing GEICO and the Court to expend unnecessary resources).

Plaintiff's Complaint before it was filed.

Tonkon is also responsible. As explained in *Gabriel Technologies Corp. v. Qualcomm, Inc.*, which Tonkon cited to argue local counsel should be held to a different standard than national counsel (TR at 16-17), local counsel still must review prior orders and undertake a reasonable investigation into the case's merits. No. 08CV1992 AJB MDD, 2013 WL 410103, at *13 (S.D. Cal. Feb. 1, 2013), *appeal dismissed* (Aug. 20, 2013), *aff'd*, 560 F. App'x 966 (Fed. Cir. 2014) (sanctioning local counsel under Rule 11 for continuing to prosecute the case after the judge "warned of the substantial deficiencies in [the] case"). Tonkon, Plaintiff's counsel for 15 years, knew this Court dismissed complaints it knew were substantively identical,[5] reviewed, commented on, recommended amending, *signed*[6] and filed the Complaint. Tonkon could have prevented GEICO and this Court from having to waste time and resources related to the motion to dismiss – it elected not to. Tonkon's attempt to distinguish *In re Silica* and *Hicks* by saying the "clear, fatal flaws [in those cases] are not present in this case," TR at 11, fails because this case's own clear, fatal flaws were present and apparent when the Complaint was filed before GEICO filed its Motion to Dismiss, but Plaintiff and its counsel did nothing. Tonkon does not even attempt to distinguish *Byrne*, which GEICO discussed extensively in its Motion. *See* Mot. at 7-8. Tonkon is also incorrect in asserting some of Plaintiff's claims have not been dismissed with prejudice. *See* Mot. at 5 (demonstrating Plaintiff's claims have been dismissed with prejudice).[7]

Plaintiff cannot hide behind its counsel. Plaintiff is not new to litigation, apparently

---

[5] Nor is it like local counsel in *Adams v. Bellsouth Telecommunications, Inc.*, (cited in TR at 15), who participated in the case but not the sanctionable conduct and was not copied on the sanctionable correspondence. No. 96-2473 CIV., 2000 WL 33941852, at *2-3 (S.D. Fla. Nov. 20, 2000) *report and recommendation adopted in part sub nom. Adams v. BellSouth Telecomm., Inc.*, No. 96-2473-CIV, 2001 WL 34032759 (S.D. Fla. Jan. 29, 2001) *dismissed sub nom. Adams v. BellSouth Telecomm.*, 45 F. App'x 876 (11th Cir. 2002).

[6] *Contrast with FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 340 (7th Cir. 2010) (attorney not sanctioned under § 1927 where he did not sign complaint or filings multiplying proceedings).

[7] Further, as discussed in GEICO's Response to a Motion for Sanctions in *Haury's Auto Body, Inc. v. State Farm Mutual Automobile Insurance Co.*, which GEICO incorporates by reference, Tonkon's reliance on the April 3, 2015 Order is misplaced. *See* Doc. 41 in Case No. 6:14-cv-06015-GAP-TBS (M.D. FL Nov. 9, 2015), at 5-6 (demonstrating the April 3 Order does not stand for Tonkon's proposition).

relying on it as part of its business model.  *See*, *e.g.*, Nick Budnick, Leif's Auto Body Experience, Willamette Week November 1, 2005 available at http://www.wweek.com/portland/article-4988-leifs_auto_body_ experience. html (describing Plaintiff's business as a "one-man lawsuit factory" "in which he constantly gathers evidence for repeated lawsuits against the insurance industry").  Plaintiff's owner claims he "worked diligently and in good faith to ensure that the facts supported all of the claims asserted in the Complaint" by "verify[ing] that [Plaintiff] conducted business with each of the Defendants," Decl. of Leif Hansen (Doc. 196-1) ¶¶ 4, 6-7, but Plaintiff alleged nothing more about GEICO than that it conducted business with GEICO, relying on improper group pleading in its copycat Complaint to vexatiously drag GEICO into this folly of a case.

III.     **GEICO IS ENTITLED TO ITS FEES UNDER ORS § 20.105**

Tonkon is also wrong in asserting that GEICO is not the prevailing party.  *See* TR at 12.  The party that prevailed "in the proceeding *generally*-not merely succeed[ed] on a particular claim" is the prevailing party.  *Mantia v. Hanson*, 190 77 P.3d 1143, 1148 (Or. Ct. App. 2003) (emphasis in original).  GEICO did not just prevail *generally*, it prevailed *completely*.  *See* Mot. at 5 (Plaintiff's claims have been dismissed with prejudice).

GEICO is entitled to fees under ORS § 20.105 because Plaintiff lacked an "objectively reasonably basis for asserting [its] claim[s]."[8]  Plaintiff alleged and maintained copycat claims without facts about GEICO, relying on factual and legal theories this Court already rejected when GEICO filed its Motion to Dismiss.  Plaintiff's Complaint was devoid of legal or factual support for any claim against GEICO.  ORS § 20.105 is designed to discourage potential litigants from pursuing (and continuing to pursue) claims they know, or should know, fail.

IV.     **TONKON PROVIDES NO BASIS TO DENY FEES OR TAKE DISCOVERY**

The party opposing a fee application must make "specific and 'reasonably precise'"

---

[8] A claim lacks an objectively reasonable basis if it is "entirely devoid of legal or factual support," *Olson v. Howard*, 239 P.3d 510, 518 (Or. Ct. App. 2010), either at the time it is made or, "in light of additional evidence or changes in the law," as litigation proceeds, *Dimeo v. Gesik*, 106 P.3d 697, 698 (Or. Ct. App. 2005).

objections. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "Generalized statements concerning reasonableness are of little value to the Court; instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity." *Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1330 (M.D. Fla. 2010).

Tonkon asserts GEICO included fees that "cannot be attributed to any actions by the Plaintiff or its counsel to unreasonably or vexatiously multiply the proceedings," TR at 19, but did not identify specific objectionable time entries, failing to meet its burden. GEICO's requested fees all resulted from Plaintiff's counsel's calculated strategy to expand the litigation to include as many states and defendants as possible and Plaintiff's joinder in "The Movement" [9] without plausible claims against GEICO. *See Norelus*, 628 F.3d at 1297 (fees awarded under § 1927 should bear a financial nexus to the excess proceedings).

Plaintiff filed a 44-page, 169-paragraph, six-count Complaint which, even though meritless, GEICO had to analyze and properly respond to. GEICO had to research Oregon law and consider whether its arguments were appropriate. *See* Doc. 117 in Case No. 6:14-md-02557-GAP-TBS (ordering GEICO to explain "if, and how" Oregon law differs from Florida law with respect to the state law claims). There is no basis to reduce GEICO's fees.[10]

Tonkon requested discovery "on the reasonable amount" of fees without identifying what discovery it would conduct, or meeting its burden to show any fees GEICO seeks are unreasonable. *See* TR at 20.[11] Plaintiff received an extension to respond to GEICO's Motion, Docs. 179, 181, 186, but did not try to or even seek leave to conduct discovery before filing their Response. Tonkon cites no authority supporting its demand for discovery or permitting such discovery after the close of briefing. Briefing is complete and should not be reopened.

---

[9] *See* Mot. at 9 (discussing "The Movement").

[10] Regarding GEICO's attorneys' hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir.1940)).

[11] Work on other matters is irrelevant to the work performed to successfully defend against Plaintiff's Complaint and anything other than fees requested in this and other MDL cases is privileged and/or work product.

DATED this 13th day of November, 2015.

LEWIS ROCA ROTHGERBER LLP

By: */s/ Dan. W. Goldfine*
    Dan W. Goldfine
    Joshua Grabel
    Ian M. Fischer
    Jamie L. Halavais
    201 E. Washington Street, Suite 1200
    Phoenix, Arizona  85004
    Telephone: 602-262-5392
    Facsimile:  602-262-5747
    Email: dgoldfine@LRRlaw.com
        jgrabel@LRRlaw.com
        ifischer@LRRlaw.com
        jhalavais@LRRlaw.com

    Attorneys for GEICO General Insurance
    Company, GEICO Indemnity Company, and
    GEICO Casualty Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

    */s/ Dan W. Goldfine*
    Dan W. Goldfine